**UNITED STATES OF AMERICA**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| MALDONADO INVESTMENTS, LLC | CIVIL ACTION NO. 14-2597 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STATE FARM FIRE & CASUALTY CO. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Plaintiff Maldonado Investments, LLC's ("Maldonado") Motion for Summary Judgment (Record Document 29). Maldonado seeks summary judgment in its favor as to the following: (1) the amounts of loss set forth and submitted to Defendant State Farm Fire & Casualty Company ("State Farm") in the proof of loss documents are accurate; (2) State Farm is contractually obligated to pay the amounts set forth in Maldonado's proof of loss documents; and (3) State Farm is in bad faith for its failure to timely pay Maldonado for the amounts due. See id. State Farm opposed the Motion for Summary Judgment, arguing there are genuine issues of material fact regarding coverage and summary judgment should be denied. See Record Document 36.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." See id. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

State Farm issued an insurance policy to Maldonado providing certain coverages for two buildings located at 1027 Olive Street and 1025 Olive Street in Shreveport, Louisiana, also known as Olive Street Bistro. On September 13, 2013, the two buildings burned. Carl Dollar, an employee of Maldonado, was arrested on November 23, 2013 and charged with simple arson of the Olive Street Bistro. Mr. Dollar is on bond, pending his April 18, 2016 trial. See Record Document 36 at 4; Record Document 43 at 1.

On October 30, 2015, State Farm took the deposition of Mr. Dollar, but on advice of his counsel, he asserted the Fifth Amendment in response to all questions. See Record Document 43 at 2. The Court believes that the information known by Mr. Dollar is necessary in order to determine his involvement in relation to the fire at the Olive Street Bistro. State Farm has asserted the policy's Employee Dishonesty Exclusion as a defense precluding coverage and there are genuine disputes of material fact as to whether the alleged damages are excluded under the "Dishonest Employee" exclusion. Likewise, there are genuine disputes of material fact as to the applicability of the "CMP-4710 Employee Dishonesty" provision. As long as Mr. Dollar continues to assert the Fifth Amendment,

State Farm is not in a position to obtain needed discovery in the instant civil matter. In fact, this Court granted an unopposed motion to continue the trial date on these exact grounds in January 2016. See Record Documents 43 & 44. The Court further finds that summary judgment is premature at this stage, as there is an ongoing active investigation of arson by the Shreveport Fire Department. See Record Document 36-1 at ¶ 6.

Accordingly,

**IT IS ORDERED** that Maldonado's Motion for Summary Judgment (Record Document 29) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 14th day of March, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE