**UNITED STATES OF AMERICA**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| MALDONADO INVESTMENTS, LLC | CIVIL ACTION NO. 14-2597 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STATE FARM FIRE & CASUALTY CO. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant State Farm Fire and Casualty Company's ("State Farm") Motion for Summary Judgment (Record Document 51). State Farm argues that coverage is excluded under the Policy and it is entitled to summary judgment. See id. Plaintiff Maldonado Investments, LLC ("Maldonado Investments") has opposed the motion. See Record Document 55. Based on the following analysis, State Farm's Motion for Summary Judgment is **GRANTED** and Maldonado Investments' claims are **DISMISSED**.

**BACKGROUND**

Maldonado Investments acquired a Fire Insurance Policy ("the Policy") with State Farm effective February 26, 2013 through February 26, 2014 to insure Maldonado Investments, d/b/a Olive Street Bistro, located at 1025 Olive Street and 1027 Olive Street, Shreveport, Louisiana ("the insured property"). See Record Documents 29-42 & 29-43. Coverage A of the Policy is for Buildings and Coverage B of the Policy is for Business Personal Property. See Record Document 29-42 at 2. Section I of the Policy includes an Dishonesty Exclusion, which provides:

> **f.** **Dishonesty**
>
> Dishonest or criminal acts by you, anyone else with an interest in the property, or any of your or their partners, "members," officers,

"managers," employees, directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose:

(1)     Acting alone or in collusion with others; or

(2)     Whether or not occurring during the hours of employment.

This exclusion does not apply to acts of destruction by your employees; but theft by employees is not covered.

With respect to accounts receivable and "valuable papers and records", this exclusion does not apply to carriers for hire.

Id. at 18.  The Policy also contains the following endorsement:

**CMP-4710 Employee Dishonesty**

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

The following is added as an Extension of Coverage under **SECTION I – EXTENSIONS OF COVERAGE.**

**Employee Dishonesty**

1.     We will pay for direct physical loss to Business Personal Property and "money" and "securities" resulting from dishonest acts committed by any of your "employees" acting alone or in collusion with other persons (except you or your partner) with the manifest intent to:

a.     Cause you to sustain loss; and

b.     Obtain financial benefit (other than salaries, commissions, fees, bonuses, promotions, awards, profit sharing, pensions or other "employee" benefits earned in the normal course of employment) for:

(1)     Any "employee"; or

(2)     Any other person or organization intended by that "employee" to receive that benefit.

. . .

5.      With respect to coverage provided by this endorsement:

. . .

c.      Paragraph **2.f.** of **SECTION I - EXCLUSIONS** does not apply.

Record Document 29-43 at 26.

On September 30, 2013, a fire was set at the insured property, resulting in the complete destruction of the Olive Street Bistro.  Maldonado Investments made a claim under the Policy.  The claim was denied following, among other investigations, State Farm's internal investigation.  Carl Dollar ("Dollar") was an employee at Olive Street Bistro. Fernando Maldonado, the owner of Olive Street Bistro, testified that he was "giving more control of the restaurant" to Dollar.  Record Document 51-5 at 80.   On November 25, 2013, Dollar was charged with Simple Arson related to the fire which destroyed the insured property.

Maldonado Investments filed a lawsuit against State Farm on August 4, 2014, in the First Judicial District Court, Caddo Parish, Louisiana.  See Record Document 1.  The matter was removed to this Court on August 29, 2014.  See id.  On April 19, 2016, Dollar entered a plea of guilty to Arson with the Intent to Defraud before Judge Roy Brun in the First Judicial District Court, Caddo Parish, Louisiana for his role in the September 30, 2013 fire.  See Record Document 51-7.  To the Court's knowledge, Dollar has given no testimony to date that Fernando Maldonado was involved in any way with the September 30, 2013 fire.

## LAW AND ANALYSIS

**I.     Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010).  "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).  If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response.  See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir.1995).

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial."  Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004).  Where critical evidence is so weak or tenuous on an essential fact that it could

not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).  Where the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff.  See Scott v. Harris, 550 U.S. 372, 378, 127 S.Ct. 1769 (2007).  In sum, the motion for summary judgment "should be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553.

## II.   Louisiana Insurance Law.

Under Louisiana law, "an insurance policy is a contract that must be construed in accordance with the general rules of interpretation of contracts set forth in the Louisiana Civil Code." Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co., 352 F.3d 254, 262 (5th Cir. 2003).  The court's role "in interpreting insurance contracts is to ascertain the common intent of the parties to the contract." Mayo v. State Farm Mut. Auto. Ins. Co., 2003-1801 (La. 2/25/04), 869 So.2d 96, 99.  The Civil Code provides that "[t]he words of a contract must be given their generally prevailing meaning," and "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."  La. C.C. Arts. 2047 & 2046.  Each provision of the insurance contract "must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole."  La. C.C. Art. 2050.  Louisiana law also requires that an insurance policy "should not be interpreted in an unreasonable or strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion." La. Ins. Guar. Ass'n

v. Interstate Fire & Cas. Co., 630 So. 2d 759, 763 (La. 1994); Mayo, 869 So.2d at 99-100;

Reynolds v. Select Properties, Ltd., 634 So.2d 1180, 1183 (La. 1994).

"With respect to coverage, the insured bears the burden of proving that the incident

giving rise to a claim falls within the policy's terms." Coleman v. Sch. Bd. of Richland Par.,

418 F.3d 511, 517 (5th Cir. 2005), citing Doerr v. Mobil Oil Corp., 2000-0947 (La.

12/19/00), 774 So.2d 119, 124.  However, "the insurer bears the burden of proving the

applicability of an exclusionary clause within the policy." Id.  "Exclusionary provisions must

be read together with the entire policy, and are construed strictly against the insurer and

in favor of coverage." Coleman, 418 F.3d at 517, citing Garcia v. Saint Bernard Parish

Sch. Bd., 576 So.2d 975, 976 (La.1991) & Vallier v. Oilfield Constr. Co., 483 So.2d 212,

215 (La. Ct. App.1986).  "Any ambiguities within an exclusionary provision or the policy as

a whole must be construed against the insurer and in favor of coverage." Coleman, 418

F.2d at 517, citing La. C.C. Art. 2056; Mayo, 869 So.2d at 100; Reynolds, 634 So.2d at

1183; " La. Ins. Guar. Ass'n, 630 So.2d at 767; RPM Pizza, Inc. v. Auto. Cas. Ins. Co., 601

So.2d 1366, 1369 (La. 1992).  However, when the "language of an insurance policy is

clear, courts lack the authority to change or alter its terms under the guise of

interpretation." Coleman, 418 F.2d at 518, citing La. Ins. Guar. Ass'n, 630 So.2d at 764.

"An insurer, like other individuals, is entitled to limit its liability and to impose and

enforce reasonable conditions upon the policy obligations it contractually assumes; it may

change or amend the coverage provided by the policy by an endorsement attached to the

policy as long as the provisions and/or endorsements do not conflict with statutory law or

public policy." King v. Old Republic Ins. Co., 2016-0170 (La. App. 4 Cir. 9/7/16), *4, —

So.3d —.  When an endorsement is attached to the policy, the endorsement becomes part

of the contract.  See id.  The policy and the endorsement must be construed together.  See id. "If a conflict between the endorsement and the policy exists, the endorsement prevails." Id.   Standard exclusions may be completely eliminated or modified in part by an endorsement.  See 15 La. Civ. L. Treatise, Insurance Law & Practice § 6:11 (4th ed.).

III.   **Analysis.**

   A.   **The Policy and Coverage.**

The parties do not dispute that Maldonado Investments acquired the Policy with State Farm and that the Policy was in effect at the time of the September 30, 2013 fire. Likewise, there is no dispute that the fire giving rise to the instant lawsuit falls within the policy's terms.  Thus, Maldonado Investments has met its initial burden with respect to coverage.  See Coleman, 418 F.3d at 517; Doerr, 774 So.2d at 124.  The burden now shifts to State Farm as to the applicability of an exclusionary clause within the Policy.

   B.   **Dishonesty Exclusion.**

The language of the dishonesty exclusion is clear and unambiguous.  See Record Document 29-42 at 18.  Coverage for dishonest or criminal acts by any of the insured's managers, employees, authorized representatives or anyone to whom the insured has entrusted the property for any purpose – acting alone or in collusion with others; or whether or not occurring during the hours of employment – is excluded.  See id.  Here, the undisputed summary judgment evidence establishes that Dollar was an employee at Olive Street Bistro and, in fact, Fernando Maldonado was giving him more control of the restaurant.  See Record Document 51-5 at 80.  Maldonado Investments does not argue as to the applicability of the dishonesty exclusion, other than to maintain that such

exclusion "was made expressly inapplicable by a policy endorsement add-on, CMP-4710 Employee Dishonesty."  Record Document 55 at 4.  Thus, this Court holds that State Farm has met its burden of proving the applicability of the dishonesty exclusion.  See Coleman, 418 F.3d at 517; Doerr, 774 So.2d at 124.  The Court must now turn to the CMP-4710 Employee Dishonesty Endorsement.

> ### C.      Employee Dishonesty Endorsement.

Again, Maldonado Investments argues there is coverage because the dishonesty exclusion is inapplicable pursuant to the CMP-4710 Employee Dishonesty Endorsement. The insured bears the burden of proving coverage.  See Coleman, 418 F.3d at 517; Doerr, 774 So.2d at 124.  Additionally, as a general rule, the burden of proof falls on the party who benefits by establishing the issue.  See 17A Couch on Ins. § 254:4 (3rd ed. 2014).[1]

The CMP-4710 Employee Dishonesty Endorsement is an extension of coverage and provides that State Farm "will  pay for direct physical loss to ***Business Personal Property*** . . . resulting from dishonest acts committed by any of your "employees" acting alone or in

---

[1]While not binding, the Court notes several California cases regarding interpretation of insurance contracts and endorsements.  See Naylor v. Navigators Ins. Co., No. 12-cv-0297, 2013 WL 990943, *1 (S.D. Cal. March 21, 2013); Del Real v. U.S. Fire Ins., 64 F.Supp. 2d 958 (E.D. Cal. 1998).  In Naylor, the court explained:

> In California, the interpretation of an insurance policy is a question of law. While insurance contracts have special features, they are still contracts to which the ordinary rules of contractual interpretation apply.  Courts look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it.  If contractual language is clear and explicit, it governs. . . .  ***When a policy endorsement expands coverage, as here, it is the plaintiff's burden to prove that he falls within the scope of coverage.***

Naylor, 2013 WL 990943, at *2 (S.D. Cal. Mar. 12, 2013) (emphasis added); Del Real v. U.S. Fire Ins., 64 F.Supp. at 963 (same).

collusion with other persons (except you or your partner) with the manifest intent to:

      a.      Cause you to sustain loss; and

      b.      Obtain financial benefit (other than salaries, commissions, fees, bonuses, promotions, awards, profit sharing, pensions or other "employee" benefits earned in the normal course of employment) for:

            (1)     Any "employee"; or

            (2)     Any other person or organization intended by that "employee" to receive that benefit.

Record Document 29-43 at 26 (emphasis added).  The CMP-4710 Employee Dishonesty Endorsement further provides that "***with respect to coverage provided by this endorsement***, . . . Paragraph 2.f. of Section I - Exclusions does not apply." Id. (emphasis added).  The clear and explicit words of CMP-4710 establish that coverage provided by the endorsement extends only to Business Personal Property.  There is no conflict between the Policy and the endorsement.  The instant endorsement did not completely eliminate the dishonesty exclusion, but rather modified it in part as to coverage for Business Personal Property, that is, Coverage B.  See Record Document 29-43 at 26 ("This endorsement ***modifies*** insurance provided . . . .") (emphasis added). The losses sustained under Coverage A – damage to the buildings and physical structures - are excluded under the dishonesty exclusion and are not covered by the endorsement.  State Farm is, therefore, entitled to summary judgment dismissing all of Maldonado Investments' claims for the loss of the buildings and dwellings that fall under Coverage A of the Policy.

      To establish coverage under the endorsement for loss of Business Personal Property, Maldonado Investments must prove that there was a direct physical loss to

Business Personal Property resulting from dishonest acts committed by an employee acting alone or in collusion with other persons (except the insured) committed with the manifest intent to cause Maldonado Investments to sustain a loss **and** to obtain a financial benefit for any employee or any other person or organization intended by that employee to receive that benefit.  See id. (emphasis added).  There is no competent summary judgment evidence establishing that Fernando Maldonado was involved in any way with the September 30, 2013 fire.  Thus, the Court will focus on "manifest intent" and the last two elements, that is whether Dollar obtained a financial benefit himself or that Dollar intended someone other than him to receive a financial benefit when he set fire to the buildings.

In support of its motion, State Farm has submitted the transcript from Dollar's Alford plea, which is devoid of any discussion of the elements of Arson with Intent to Defraud under La. R.S. 14:53.[2]  See Record Document 51-7.  As part of the plea, Dollar agreed to give a truthful statement to investigators.  See id. at 4.  Yet, there was no detailed colloquy between Dollar and the court regarding elements of the offense, intent, or the reason – financial or otherwise – that Dollar started the fire.  Maldonado Investments argues that Dollar's guilty plea to Arson with Intent to Defraud is a judicial admission that he set fire to Olive Street Bistro to deprive Maldonado Investments/Fernando Maldonado of property in order to get money.  See Record Document 55 at 6.  Maldonado Investments maintains:

> By its very definition, Mr. Dollar's conduct meets the threshold requirements for this extension of coverage in causing the insured to sustain loss and for the financial benefit of himself.  Black's law Dictionary defines "defraud" as

_____

[2]"Arson with intend to defraud is the setting fire to . . . any property, with the intent to defraud."  La. R.S. 14:53(A).

"to practice fraud; to cheat or trick; to deprive a person of property or any interest, estate, or right by fraud, deceit, or artifice. Merriam-Webster defines it as "to trick or cheat someone or something in order to get money: to use fraud in order to get money from person, an organization, etc."

Id.

Based on the summary judgment record before it and noting the burden of proof, this Court holds that Maldonado Investments has not carried its burden of establishing Dollar received a "financial benefit [himself] or for any other person or organization intended by [him] to receive that benefit," as required by the CMP-4710 Employee Dishonesty Endorsement. Record Document 29-43 at 26. With no discussion of intent and/or the elements required to establish guilt, Dollar's guilty plea alone is insufficient to defeat summary judgment. With no competent summary judgment evidence showing a genuine dispute for trial regarding the essential elements required by the endorsement, Maldonado Investments has failed to demonstrate that there is coverage. Accordingly, the dishonesty exclusion applies to exclude coverage for all losses (Coverages A and B) sustained in the arson fire. State Farm is entitled to summary judgment dismissing all of Maldonado Investments' claims.[3]

---

[3]There are two other dispositive motions pending at this time: (1) Maldonado Investments' Second Motion for Summary Judgment (Record Document 56) and (2) State Farm's Motion for Partial Summary Judgment (Record Document 62). Both of these motions address bad faith and the related issue of whether the Shreveport Fire Prevention Unit's investigation of the September 30, 2013 fire remains open. See Record Document 62-4 (July 2016 Affidavit of Investigator Chris Robinson, Shreveport Fire Prevention Department) at ¶ 5 ("The investigation remains active and ongoing as additional individuals may have been involved in the arson."). Because the Court has granted State Farm's Motion for Summary Judgment and found no coverage under the Policy, the remaining Motions for Summary Judgment (Record Documents 56 & 62) are **DENIED AS MOOT**.

Notwithstanding, the Court makes further observations regarding the effect of the pending fire investigation vis-a-vis insurance coverage. If the pending investigation is closed with no further findings as to additional individuals that may have been involved in

**CONCLUSION**

Based on the foregoing analysis, the Court finds that summary judgment in favor of State Farm is appropriate as a matter of fact and law and hereby dismisses all of Maldonado Investments' claims for losses sustained in the September 30, 2013 fire, under both Coverages A and B.

Accordingly,

**IT IS ORDERED** that State Farm's Motion for Summary Judgment (Record Document 51) be and is hereby **GRANTED** and Maldonado Investment's claims are **DISMISSED**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 4th day of November, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

the arson, then the burden of proof issue remains unchanged and Maldonado Investments has failed to demonstrate coverage under the endorsement.  Conversely, if the pending investigation points to Fernando Maldonado's involvement in the arson, then the CMP-4710 Employee Dishonesty Endorsement would likely not apply, as Dollar would have acted in collusion with the insured.